IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MARK MELTON                                                                                              PLAINTIFF

v.                                              Case No. 5:14-CV-05250

NATIONWIDE INSURANCE COMPANY OF AMERICA                                    DEFENDANT

**OPINION AND ORDER**

Currently before the Court are Defendant Nationwide Insurance Company of America's ("NICOA") motion for summary judgment (Doc. 14) and supporting documents (Docs. 15-16). Plaintiff Mark Melton has filed no response in opposition to the motion, and the time for filing a response has passed.

Before addressing the merits of this case, the Court must first determine whether it has the authority and jurisdiction to do so. Melton brings suit against NICOA for breach of contract and bad faith based on alleged breach of an insurance policy, with Melton as a named insured. It is clear from NICOA's brief (Doc. 15, p. 2 n.1), as well as from the attached insurance policy ("the Policy) at issue in this case (Doc. 14-1), that the Policy was issued by "Nationwide Mutual Insurance Company" ("NMIC"). It would appear, therefore, that no claim has been stated as to Defendant NICOA, and Melton's complaint should be dismissed on those grounds alone. Instead, NICOA asks for judgment to essentially be entered in favor of NMIC—a non-party to this action.

Furthermore, even if the Court were to find that it could consider the merits of a contract dispute between Melton and NMIC, NICOA removed this case based on diversity of citizenship between Melton and NICOA. The record does not establish that federal diversity jurisdiction may be exercised over a dispute between Melton and NMIC.

In light of these issues, the parties are directed to file a joint brief or simultaneous briefs on the following issues by no later than 5:00 p.m. CST on August 24, 2015: (1) whether NICOA is the real party in interest and properly sued as Defendant in this matter, (2) if not, whether the Court can reach the merits of a dispute between Melton and NMIC (i.e. whether the complaint can be amended to substitute parties) and (3) if so, whether the Court would have diversity jurisdiction in a dispute between Melton and NMIC.

Given the pendency of these issues and NICOA's motion for summary judgment (to which no response has been filed), the jury trial currently scheduled to begin on August 31, 2015 is CANCELED.

IT IS SO ORDERED this 12th day of August, 2015.

/s/ P. K. Holmes, III
P.K. HOLMES, III
CHIEF U.S. DISTRICT JUDGE